IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WAVETRONIX LLC, an Idaho limited liability company, | ) ) ) | Civil Action No. 6:21-CV-00899-ADA-DTG |
| Plaintiff, | ) ) | Judge Alan D. Albright Magistrate Judge Derek T. Gilliland |
| v. | ) ) | |
| ITERIS, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) ) ) | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1. **PURPOSES AND LIMITATIONS**

      a.      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that if they seek to file materials under seal, they must do so in compliance with the Local Rules of this Court.

b.      This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information as well as highly confidential source code for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.      DEFINITIONS**

a.      Action: the above captioned litigation.

b.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

c.      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

d.      Counsel (without qualifier): Outside Counsel of Record and In-House Counsel

(as well as their support staff).

e.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

f.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

g.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. [1]

h.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

i.    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code, software flowcharts, or actual chip design schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.  "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not include design specifications, schematics, and block diagrams that

---

[1] For the purposes of this Protective Order, an Expert is defined to include the Expert's direct reports and other support personnel, such that the disclosure to an expert who employs others within his or her firm to help in his or her analysis shall count as a single disclosure to an Expert.

appear in user manuals, technical manuals, service manuals, presentations, or similar documents.

   j.  <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

   k.  <u>Inadvertent Failure to Designate</u>: the failure to designate Protected Material with a CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE designation by reason of mistake, accident, or inadvertence.

   l.  <u>Inadvertent Production</u>:  production of privileged information by reason of mistake, accident, or inadvertence.

   m.  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   n.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

   o.  <u>Party</u>: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

   p.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

   q.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

   r.  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

"HIGHLY CONFIDENTIAL – SOURCE CODE."

        s.      <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   <u>DESIGNATING PROTECTED MATERIAL</u>

<u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure

or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, except as otherwise set forth herein.

Designation in conformity with this Order requires:

i.      for information in documentary form (e.g., paper, or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

ii.      A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

iii.      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to

specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or "HIGHLY CONFIDENTIAL – SOURCE CODE."

  **iv.** Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

  v. for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

  b. <u>Inadvertent Failure to Designate</u>. If timely corrected, an Inadvertent Failure to

Designate Protected Information failure to designate Protected Material does not, by itself, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a.      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 10 business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c.      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging confidentiality

within 10 business days of the Challenging Party's good faith determination that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

        d.     The burden of proof and persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations and/or challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the losing Party to sanctions. During a challenge proceeding, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.**     <u>**ACCESS TO AND USE OF PROTECTED MATERIAL**</u>

        a.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

        b.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        i.     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

        ii.     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.     the Court and its personnel;

v.     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi.     witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

vii.     witnesses who are shown to be an author or recipient of a document containing the information or a custodian or other person who (in the context of a deposition) is otherwise reasonably shown to have possessed or known of the information in the Protected Material.

viii.     witnesses who are employees of the Designating Party.

c.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

i.     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii.     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7(e), below, have been followed;

      iii.    the Court and its personnel;

      iv.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

      v.    witnesses who are shown to be an author or recipient of a document containing the information or a custodian or other person (in the context of a deposition) who otherwise possessed or knew the information in the Protected Material.

      vi.    witnesses who are employees of the Designating Party.

    d.    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

      i.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      ii.    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7(e), below, have been followed;

      iii.    the Court and its personnel;

      iv.    court reporters and their staff; and

      v.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    e.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

i.      "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items may not be disclosed to an Expert until the Party seeking disclosure provides written notice to the Designating Party of (1) the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

ii.      A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 5 business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

iii.      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five business days of the written objection. If no agreement is reached, the Designating Party may file a motion to prevent disclosure to the Expert. Any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  The Party seeking to disclose Protected Material to an Expert must in its opposition papers describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably

necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.   **PROSECUTION BAR**

a.      Any attorney representing a Party, whether in-house or Outside Counsel of Record, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns , in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent or patent application pertaining to the field of the invention of the patents-in-suit, including reexamination or reissue  proceedings, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one (1) year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Receiving Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

b.      Nothing in this section shall be construed as preventing any person from:

i.      challenging the validity or enforceability of any patent, including without limitation, in proceedings in this Court or in any post-grant proceedings in the United States or foreign patent offices; or

ii.     participating in the defense against any such challenge of the validity or enforceability of any patent in *inter partes* review or covered business method proceedings so long as such a participant is not directly or indirectly involved in the drafting or amending of claims concerning the patents-in-suit;

iii.     transmitting to counsel involved in the prosecution of patent applications, publicly available material, such as issued patents, published patent applications, and materials or information regarding third party systems or products that are publicly known, on sale, or in public use.

iv.     Nothing in this section shall modify or abrogate any prohibitions or restrictions contained in the Settlement Agreement.

9.     **SPECIAL PROVISIONS RELATED TO SOURCE CODE**

a.     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "source code") shall be subject to all of the protections as set forth in Paragraph 7(d).

b.     A Producing Party shall make requested HIGHLY CONFIDENTIAL – SOURCE CODE available for inspection and review in a format allowing it to be reasonably reviewed and searched during normal business hours or at other mutual agreeable times at the office of the Producing Party's Outside Counsel, or at other mutually agreeable locations. For purposes of this paragraph, the hours of  9:00 AM – 5:00 PM, local time shall be presumptively reasonable. The Producing Party is entitled to make HIGHLY CONFIDENTIAL – SOURCE CODE available on a "stand-alone," password-protected computer(s) only (that is, the computer may not be linked to any network, including a local area network ("'LAN'"), or intranet, or the Internet).

c.     Following inspection under paragraph 9(b), the Receiving Party may designate relevant portions of  HIGHLY CONFIDENTIAL – SOURCE CODE for production in electronic form to the Receiving Party, per paragraph (d) below.

d.     Persons authorized to receive HIGHLY CONFIDENTIAL – SOURCE CODE

shall only access and/or load such information on "stand-alone," password-protected computer(s) (that is, the computer may not be linked to any network, including a local area network ("'LAN'"), or intranet, or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted by paragraphs (h), (i), (k), (m), and (n) below. Additionally, one encrypted copy of HIGHLY CONFIDENTIAL -- SOURCE CODE may be placed on a hard disk connected to one of the stand-alone computers for access and, if necessary, execution by the persons identified in paragraph (g) below only. In the event the Producing Party elects to encrypt HIGHLY CONFIDENTIAL – SOURCE CODE, the Producing Party will provide a decryption key.  Additionally, encryption shall not inhibit or prevent persons qualified to possess HIGHLY CONFIDENTIAL – SOURCE CODE under this Order from reviewing, analyzing, or executing such code.  The provisions of this paragraph relating to encryption shall apply to all encrypted copies of HIGHLY CONFIDENTIAL – SOURCE CODE.  Except as provided in paragraph (m) and (n) below, the stand-alone computer(s) shall be located at the office of a Party's Outside Counsel of Record in this action, and/or its vendors.

      e.     The Receiving Party shall provide reasonable notice for requests to access the Secure Room. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, tablets, smartwatches, cameras, voice recorders, telephone jacks or other hardware. Handwritten notes relating to the source code may be taken only in spiral or otherwise permanently bound notebooks. If any notes are taken by the Receiving Party or a representative thereof, such notes shall be subject to the same protections set forth in Paragraph 7(d) that applies to Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE". The Producing Party may visually monitor the activities of the Receiving Party's representatives during any review, but only to ensure that no unauthorized electronic records of the source code and no information concerning the source code are being transmitted in violation of these restrictions.

f.      The source code computers shall include reasonable analysis tools appropriate for viewing and searching the type of source code made available for inspection. At least five (5)  business days in advance of the date upon which the Receiving Party wishes to use the source code computer, the Receiving Party shall identify the licensed software tools it wishes to have installed and available for use on the source code computers, and provide a properly licensed copy of the software it requests to be installed. Any costs associated with acquiring licenses to request software tools shall be borne by the Receiving Party, In the event that there are issues concerning the installation or use of such tool, the Parties, and their technical staff, shall meet and confer promptly to resolve such issues.

g.      HIGHLY CONFIDENTIAL --  SOURCE CODE received by a party shall be retained in a secure, locked area except when being viewed or analyzed by a person authorized to have access to HIGHLY CONFIDENTIAL --  SOURCE CODE.

h.      Within two (2)  business days, the Producing Party must either (a) deliver 1 set of such pages to one office of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose,  If there is a dispute as to whether the request is excessive or not for a permitted purpose, the parties shall promptly confer in a voice-to-voice dialogue to attempt to resolve their dispute(s).

i.      Access to HIGHLY CONFIDENTIAL -- SOURCE CODE shall be limited to Outside Counsel of Record and up to three (3) Experts.[2] A Receiving Party may include excerpts of relevant HIGHLY CONFIDENTIAL --  SOURCE CODE as necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the HIGHLY CONFIDENTIAL --  SOURCE CODE information is appropriately marked "HIGHLY CONFIDENTIAL --  SOURCE CODE" as provided in this Protective Order, is restricted to persons authorized to receive HIGHLY CONFIDENTIAL --

---

[2] For the purposes of this paragraph and paragraph 9.h., but subject to the content of footnote 1 of this Order, an Expert is defined as the identified individual signing the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

SOURCE CODE, and, if filed with the Court, is filed under seal in accordance with the Court's rules, procedures, and orders.

j.      Subject to paragraph (j) below, up to two Experts may have custody of HIGHLY CONFIDENTIAL --  SOURCE CODE at any one time provided that each of such Experts has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and has thereby submitted to the Court's jurisdiction for purposes of enforcement of this Protective Order.

k.      HIGHLY CONFIDENTIAL --  SOURCE CODE may not be placed in the custody of any Expert unless and until the procedure set forth in paragraph 7(e) of the Protective Order has been completed with respect to that Expert and where the Expert has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

l.      The Receiving Party, including Outside Counsel of Record and Experts, shall be permitted to make a reasonable number of printouts and photocopies of  HIGHLY CONFIDENTIAL --  SOURCE CODE, which shall presumptively be a total of ten (10), all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL --  SOURCE CODE." Outside Counsel of Record and Experts shall keep the printouts or photocopies designated and clearly labeled "HIGHLY CONFIDENTIAL --  SOURCE CODE" in a secure, locked area under the control of such Outside Counsel of Record, or Experts.  Outside Counsel of Record and Experts shall also maintain a log of all such files that are printed or photocopied, as well as the number of copies made thereof.

m.      Should any printouts or photocopies of HIGHLY CONFIDENTIAL -- SOURCE CODE be transferred back to electronic media, such media shall be labeled "'HIGHLY CONFIDENTIAL -- SOURCE CODE'" and shall continue to be treated as such.

n.      The Receiving Party may also temporarily keep the printouts or photocopies at:

　　　i.      the Court for any proceeding(s) relating to the HIGHLY CONFIDENTIAL --  SOURCE CODE, for the dates associated with the proceeding(s);

      ii.      the sites where any deposition(s) relating to the HIGHLY CONFIDENTIAL -- SOURCE CODE materials are taken, for the dates associated with the deposition(s); and

      iii.      any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

      o.      HIGHLY CONFIDENTIAL -- SOURCE CODE may only be transported by a Receiving Party at the direction of a person authorized under paragraph 9(h) above and the transport shall be by the person so authorized via hand carry, Federal Express or other similarly reliable carrier. HIGHLY CONFIDENTIAL -- SOURCE CODE may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. HIGHLY CONFIDENTIAL --  SOURCE CODE may only be transported for the purpose of Court proceeding(s), or depositions(s) as set forth in paragraph 9(n) above, or for transport between persons qualified under this Protective Order to possess HIGHLY CONFIDENTIAL – SOURCE CODE.  All such transport is subject to the transport restrictions herein.

**10.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or  "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

      a.      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      b.      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  **REQUESTS FOR PRODUCTION OF PROTECTED MATERIAL FROM A NON-PARTY**

a.      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

i.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.     make the information requested available for inspection by the Non-Party.

c.     If the Non-Party fails to object or seek a protective order from this court within 10 business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that it has, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

The Parties acknowledge that regardless of the Producing Party's diligence, Inadvertent Production of attorney-client privileged, or attorney work product materials may occur.  The Parties therefore agree that if Inadvertent Production occurs, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the Producing Party.  The Receiving Party shall return to the Producing Party such document or thing.  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any Party from moving

the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

14.   **MISCELLANEOUS**

    a.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    b.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    c.   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with the Local Rules of this Court governing such filing.

15.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, however, must be

destroyed and upon its destruction, a log (paragraph 9(k)) shall be provided to the Producing

Party.  Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4.


DATED this 6th day of September, 2022.

BY THE COURT:

_____
DEREK T. GILLILAND
U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAVETRONIX LLC, an Idaho limited liability company, | ) ) ) | Civil Action No. 1:14-cv-00970 SS |
| Plaintiff, | ) ) ) | **[PROPOSED] PROTECTIVE ORDER** |
| v. | ) ) ) | **[DISCOVERY MATTER]** |
| ITERIS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) ) | |

I, _____, am employed by _____.  In connection with this action, I am:

_____    a director, officer, or employee of _____ who is directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to give testimony (an "EXPERT");

_____    Other Qualified Recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand, and agree to comply with and be bound by the terms of the Protective Order in the matter of *Wavetronix, LLC v. Iteris, Inc.*, Civil Action No. 1:14-cv-00970 SS, pending in the United States District Court for the Western District of Texas, Austin Division.  I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled

to receive them under the terms of the Standard Protective Order.  To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know are authorized under the Protective Order to have access to such information.  I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the Party with whom I am associated.  I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Western District of Texas, Austin Division for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Name (printed)

Date:_____

4848572_1.DOCX