# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WAVETRONIX LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ITERIS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 6:21-cv-00899-ADA-DTG<br><br>Judge Alan D. Albright<br>Magistrate Judge Derek T. Gilliland |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE DENYING ITERIS' MOTION TO DISMISS

**TO:   THE HONORABLE ALAN D. ALBRIGHT, UNITED STATES DISTTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Iteris' Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) for Failure to State a Claim, based on Iteris' assertion that Wavetronix' claims are barred by the statute of limitations (ECF No. 12). For the reasons set forth hereinafter, the Court RECOMMENDS that Defendant Iteris's Motion be **DENIED**.

1

I.      **FACTUAL BACKGROUND**

Plaintiff Wavetronix LLC ("Wavetronix") filed the Complaint in this action on August 27, 2021, alleging that Defendant Iteris, Inc. ("Iteris") has breached a Settlement Agreement dated March 13, 2015 (ECF No. 6). The Complaint alleges that Iteris breached the Settlement Agreement by making, using, offering for sale, selling, installing, and delivering traffic sensors having a feature identified in the Settlement Agreement as "Continuous Mode Functionality." Plaintiff's Original Complaint ECF No. 1 at ¶¶ 12-16). Specifically, the Complaint alleges that "at times after March 31, 2015, Iteris has, directly or indirectly, manufactured, sold, offered for sale, promoted, delivered and/or installed" sensors that included Continuous Mode Functionality. *Id.* at ¶ 16. March 31, 2015 is relevant because that is the date by which Iteris was to refrain from making, using, or selling devices including "Continuous Mode Functionality."

On October 21, 2021, Iteris moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Iteris alleges that Wavetronix's Complaint is barred by the Texas four-year statute of limitations, because the Complaint was filed more than four years after March 31, 2015. Defendant's Motion to Dismiss (ECF No. 12). Iteris asserts that the allegation in the Complaint that Iteris committed breaches "at times after March 31, 2015" should be interpreted to mean that Iteris began breaching the Settlement Agreement as early as April 1, 2015. Based on Iteris's interpretation, Iteris asserts that the four-year statute of limitations began to run on April 1, 2015 and the time for filing suit lapsed more than two years before filing the Complaint on August 27, 2021.

Wavetronix opposes the motion to dismiss on various grounds. Preliminarily, Wavetronix argues that support for a 12(b)(6) motion must be based solely on the allegations of the Complaint,

and the Complaint does not plead facts demonstrating that Iteris's breaches occurred outside the period of the statute of limitations. Wavetronix further argues that the Settlement Agreement is a "continuing contract for performance," *i.e.,* a contract imposing continuing obligations and as a result, every sale of a non-conforming product is a separate breach for which the statute of limitations begins to run anew. Wavetronix therefore argues that that the statute of limitations has not run on non-conforming products sold during the four years before the Complaint was filed, and the motion to dismiss should be denied.

## II. DISCUSSION

### A. Iteris' Motion to Dismiss Is Procedurally Inappropriate

A motion to dismiss under FRCP 12(b)(6) may be granted only when the allegations in the Complaint demonstrate the plaintiff's claim cannot survive. When a district court reviews the sufficiency of a complaint before it receives any evidence, the task is a limited one. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.* In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff. *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and [] rarely granted." *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011).

Dismissal based on a statute of limitations defense may not be granted unless the complaint has "effectively pled Plaintiff out of court . . .." *Curtis v. Cerner Corp.,* 621 B.R. 141, 159 (S.D. Tex. 2020). Unless the plaintiff's rejoinder to the statute of limitations defense is foreclosed by the

3

allegations of the complaint, a motion to dismiss should be denied. *JNT Enterprises v. Nationwide Property and Casualty, Inc.,* 2014 WL 12776419 at 4-5, (S.D. Tex. 2014).

Contrary to Iteris's assertion, the Complaint identifies no particular date "after March 31, 2015" by which any breach of the Settlement Agreement occurred. Because the Complaint does not identify dates when the first, last, or any breach occurred, the Complaint provides no basis on which to determine that the statute of limitations has run. Accordingly, Iteris cannot establish a statute of limitations defense based on the allegations of the Complaint. Therefore, the Court recommends that Iteris's Motion be **DENIED**.

### B. The Settlement Agreement Imposes Continuing Performance Obligations, and the Statute of Limitations Begins to Run Anew with Each Breach

The parties do not dispute that the statute of limitations for breach of contract is four years. They disagree as to the application of the statute of limitations to the facts of this case.

Iteris argues that the statute of limitations on all sales of non-conforming products began to run from the date of the first breach by a sale of a non-conforming product, regardless of the dates of subsequent breaches arising from the sale of non-conforming products. Under Iteris's theory, recovery for breaches admittedly occurring within the four-year limitations period is barred if even a single breach occurred more than four years before the Complaint was filed.

The Court disagrees with Iteris' argument. The Settlement Agreement precludes Iteris from selling non-conforming products, and Iteris's obligation not to sell non-conforming products continues from the effective date of the Settlement Agreement until the expiration of the '542 patent. *See* Settlement Agreement, ECF No. 5-2, at § 3.7. Each sale of a non-conforming product is a separate breach of Iteris's continuing performance obligations, and the statute of limitation begins to run anew from the date of each breach. Thus, the statute of limitations has not run for

any breach occurring within the four-year period prior to the filing of the Complaint. Otherwise, a breach of a continuing obligation occurring three days before filing of the complaint would be barred by a separate breach that occurred five years earlier. That result would be inconsistent with Texas case law.

The case of *Curtis v. Cerner Corporation* is instructive on this point. 621 B.R. 141 (S.D. Texas 2020). There a hospital contracted with Siemens and Quammen to design and implement a software to integrate billing and clinical operations in the hospital. *Id.* at 154-155. When the hospital opened in 2014, the software was a catastrophic failure. *Id.* The trustee in bankruptcy sued for breach in 2019. *Id.* The defendant argued that because the hospital was fully aware that the software malfunctioned at least as early as 2014, the four-year statute of limitations for breach of contract expired prior to the filing of the complaint in 2019. *Id.* at 159. The Court acknowledged that a claim for breach of contract accrues when a breach occurs, and that a breach occurs when a party fails or refuses to do something he has promised to do. *Id.* The court further held, however, that where the agreement imposes continuing performance obligations, the statute of limitations does not begin to run until (1) the work is completed; (2) the contract is terminated in accordance with its terms; or (3) one party anticipatorily repudiates the contract, and that repudiation is adopted by the other party. *Id.* at 160.  The contract in *Curtis* imposed continuing performance obligations because it required that the defendants remediate software malfunctions.  The Complaint alleged that breaches of the duty to remediate continued throughout the period from the opening of the hospital until at least 2016.  The court therefore held that the four-year statute of limitations did not bar the trustee's claim for breach of contract. *Id.* at 161.

As in *Curtis*, the Court finds that the contract at issue imposes ongoing obligations on Iteris. As such, any breaches that occurred during the four-year period preceding the filing of the Wavetronix's Original Complaint are not barred by the four-year statute of limitations. A similar conclusion is supported by the analysis in *Cannon v. University Trace Condominium Associates,* (Civil No. 14-03-00993-CV (Tex. App. Jul. 7, 2005) (withdrawn after appeal dismissed based on settlement 2005 WL 2455186).

The *Cannon* Court agreed with the plaintiff, finding that where a party has undertaken a continuing duty to another party, each failure to perform the duty is a separate breach, and causes the statute of limitations to begin to run anew. *Id.*; *see also Turner Construction Co. v. Pharr-San Juan-Alamo Independent School District and its Board of Trustees,* No. 13-03-520-CV (Tex. App. Mar. 16, 2006)

Iteris argues that the covenant it made in the Settlement Agreement to refrain from making, using, or selling sensors with "Continuous Mode Functionality" is not a continuing obligation. At this stage, while indulging all inferences in Wavetronix's favor, the Court disagrees. The covenant in the Settlement Agreement began on March 31, 2015, and extends until the expiration of U.S. Patent No. 7,991,542, which will occur in October 2027. At this stage of the case, the Court indulges in the inference that Iteris's covenant is a "continuing" obligation, such that the statute of limitations begins anew every time a breach occurs. As a result, any breaches by Iteris occurring within the four years prior to the filing of the Complaint are not barred by the statute of limitations[1].

---

[1] The holdings in *Curtis, Cannon* and *Turner* are consistent with the holdings of other courts. *See, e.g., Kaiser v. Northwest Shopping Ctr., Inc., 587 S.W.2d 454, 457* (Tex. Civ. App.-Dallas 1979, writ ref'd n.r.e.); *Dave & Buster's Inc. v. White Flint Mall, LLLP,* 616 Fed.Appx. 552 (4th Cir. 2015) (unpublished opinion).

The *Dell Computer Corp. v. Rodriguez* case, cited by Iteris, is inapplicable to the case at hand. 390 F.3d 377 (5th Cir. 2004). First, it involved a case that had proceeded through discovery and a trial on the merits—which is far from the posture of Iteris's present 12(b)(6) Motion. More importantly, *Dell* involved a breach that had occurred— by Dell's witness's own admissions— more than four years before suit was filed. *Id*. 390-393.

Based on the foregoing, the Court finds that the Settlement Agreement imposes a continuing obligation on Iteris to refrain from selling non-conforming products from the date of the Settlement Agreement to the expiration of the '542 patent. The statute of limitations begins to run anew from the date of each breach. The Court therefore finds that Wavetronix's Complaint supports an inference that its breach of contract claim is not barred by the statute of limitations, and Iteris's Motion should be DENIED.

## III.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the Honorable Alan D. Albright that Defendant's Motion to Dismiss be (ECF No. 12) DENIED.

## IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de

novo review by the District Court of the proposed findings and recommendations in the Report. See 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1)(C); *Thomas,* 474 U.S. at 150–53; *Douglass,* 79 F.3d at 1415.

SIGNED this 13th day of September, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE