IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **WAVETRONIX LLC,**<br>　　　　*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | W-21-CV-00899-ADA-DTG |
| **ITERIS, INC.,**<br>　　　　*Defendant.* | §<br>§<br>§ | |

### ORDER ON DISCOVERY DISPUTE OF DECEMBER 13, 2023

　　The Parties submitted a discovery dispute chart contesting the propriety of reply reports served by Wavetronix. The reports were served by Wavetronix after the experts—Michael Jenson and Barry Bell—had been deposed. Before the depo, Wavetronix warned Iteris that reply reports would be forthcoming.

　　Wavetronix contends that the reply reports were proper under the Federal Rules of Civil Procedure. Wavetronix contends that Rule 26(a)(2)(D)(ii) allows the replies because it reads, "[a]bsent a stipulation or court order," expert reports "intended solely to contradict or rebut evidence on the same subject matter by another party" must be served "within 30 days after the other party's disclosure."

　　The Court finds Wavetronix's reply reports of Michael Jenson and Barry Bell are improper and grants Iteris request to strike the reports. Wavetronix's reading of Rule 26 misreads the rules and would create a never-ending right to filing rebuttal reports. *See Familias Unidas Por La Educacion v. El Paso Indep. Sch. Dist.*, No. EP-20-CV-170-DB, 2022 WL 2906505, at *4 (W.D. Tex. July 22, 2022) (citing *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Commission*, 1:15-cv-134-RP, 2017 WL 9480314, at *2 (W.D. Tex. May 22, 2017)). Wavetronix

never requested leave to serve the reports and did not provide the reports before the experts were deposed.

The Court **GRANTS** Iteris's requested relief and **STRIKES** the December 4, 2023 Sur-Rebuttal Expert Reports of Michael Jensen and Barry Bell.

**SIGNED** this 4th day of January, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

| Issue | Iteris's Position | Wavetronix's Position |
|---|---|---|
| December 4, 2023 Sur-Rebuttal Expert Reports of Michael Jensen and Barry Bell | "To avoid drowning in sur-rebuttal reports, sur-sur-rebuttal reports and so forth, courts must impose a limit. The Federal Rules do just that: a testifying expert is required to produce a single report including 'a *complete* statement of *all* opinions the witness will express.'" *Wal-Mart Stores, Inc. v. TABC*, 2017 WL 9480314 at *2 (W.D. Tex. May 22, 2017)).<br><br>The Court's scheduling orders have provided for two rounds of expert reports: opening and rebuttal. Dkt. 42, 134. On July 3, 2023, Wavetronix served two opening reports (Jensen and Bell). On November 2, 2023, Iteris served two rebuttal reports (Abbas and Mody). Iteris took depositions of both Jensen and Bell on November 29 and December 1.<br><br>***Immediately after*** those depositions were taken, Wavetronix served sur-rebuttal reports of Jensen and Bell on December 4, 2023. Mr. Jensen's sur-rebuttal report "review[s], analyze[s], and respond[s] to the Abbas Rebuttal Report." (Jensen ¶2.) Similarly, Mr. Bell's sur-rebuttal report "responds to the opinions presented in the November 2, 2023, expert report of ... Mody." (Bell ¶5.)<br><br>None of the Court's scheduling orders allowed sur-rebuttal reports, Wavetronix did not seek leave to serve such reports, and it delayed service until after Jensen and Bell's depositions. Accordingly, both should be stricken as improper. | The rebuttal expert reports of Michael Jenson and Barry Bell are authorized and timely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). In relevant part, Rule 26(a)(2)(D)(ii) provides that, "[a]bsent a stipulation or court order," expert reports "intended solely to contradict or rebut evidence on the same subject matter by another party" must be served "within 30 days after the other party's disclosure."<br><br>Jensen's and Bell's rebuttal expert reports were submitted "solely to contradict or rebut" the Rule 26(a)(2)(B) expert reports of Iteris's technical and damage experts and were timely served. As such they are authorized "rebuttal" reports within the meaning of Rule 26(a)(2)(D)(ii) and not, as characterized by Iteris, unauthorized "sur-rebuttal" reports.<br><br>The Court's scheduling orders set two deadlines for expert reports. One for issues for which the parties had the burden of proof and one for issues on which the parties did not have the burden of proof. As the scheduling order did not set a deadline for Wavetronix's rebuttal of Iteris's expert disclosures, Rule 26(a)(2)(D)(ii) governs. *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, 2020 WL 6581868 *3-4 (E.D. Tex. Nov. 10, 2020) ("When there is no specified deadline [for rebuttal reports], Rule 26(a)(2)(D) fills in the gaps and dictates when parties must provide certain expert disclosures. Specifically, the Rule dictates |

To avoid exclusion, Wavetronix "must demonstrate that its new expert report[s] [are] either (1) an appropriate supplement or correction under Rule 26(e) or (2) was substantially justified or harmless under Rule 37(c)." *Wal-Mart* at *2.

First, the sur-rebuttal reports are not supplements under Rule 26(e) as both reports concede that they were served to respond to the rebuttal opinions of Abbas and Mody. Rule 26(e) "contains no provision allowing a party to amend its original disclosure for the purpose of refuting arguments made in rebuttal." *Wal-Mart* at *2.

Second, Wavetronix cannot meet its burden to demonstrate that the sur-rebuttal reports are either substantially justified or harmless under Rule 37(c). *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). Like the excluded sur-rebuttal report in *Wal-Mart*, "[s]triking the new report[s] will not prevent [Wavetronix]'s experts from testifying to any of the opinions contained in their original report[s]." *Wal-Mart* at *3. Additionally, if not excluded, Iteris will undeniably be prejudiced as "[e]ven if [Iteris] were able to re-depose [Wavetronix]'s experts and to amend or supplement its rebuttal report[s], such efforts would be costly." *Id.* Also, this Court has expressed (Dkt. 131) no further continuations to the case schedule. *See id.* at *4. Finally, Wavetronix can offer no explanation for its improper reports because "a desire to refute a rebuttal report is not a proper basis for and therefore does not excuse filing an

that rebuttal expert disclosures are due 30 days after the other party's disclosure."); *Smith v. Christus Health*, 2011 U.S. Dist. LEXIS 170302 *6-7 (E.D. Tex. July 25, 2011) ("[T]he Court's 'order is silent on timing of rebuttal disclosures, which means that the Federal Rules Govern.'").

None of the arguments, rules, or case law submitted by Iteris are relevant here, including the *Wal-Mart* case it relies on, because they all relate to Rule 26(e) supplemental expert reports and the standards for dealing with untimely expert reports under that rule. Iteris's position statement concedes that the reports at issue were served to rebut the opinions of Iteris's experts and are not supplemental reports.

The *Wal-Mart* court recognized the scheduling order in that case and Rule 26(a)(2)(D)(ii), "anticipate the need for parties to … serve rebuttal reports." *Walmart-Stores*, *2. The Wal-Mart scheduling orders provided for plaintiffs' reports, defendants' reports, and rebuttal reports for all parties. *Id.*, Dkts 32, 54, 151. Jensen's and Bell's rebuttal expert reports correspond to rebuttal reports *Wal-Mart* recognized under the court's scheduling order and Rule 26(a)(2)(D)(ii).

Iteris cannot complain about having taken the depositions of Jensen and Bell before it received their rebuttal reports. On September 19, 2023, Wavetronix told Iteris it was taking the position that under Rule 26(a)(2)(D)(ii) it was permitted to

| | | |
|---|---|---|
| | untimely expert report." *Id.*; *Daedalus Blue LLC v. SZ DJI Tech. Co., Ltd.*, 2022 WL 831619 at *7 ("[S]upplemental reports are not vehicles by which experts can rework their initial reports to respond to problems that their adversaries aptly address."). All four *Sierra Club* factors counsel against allowing Wavetronix's unauthorized, improper sur-rebuttal reports.<br><br>**Relief:** Order that the December 4, 2023 Sur-Rebuttal Expert Reports of Michael Jensen and Barry Bell be stricken. | file rebuttal reports within 30 days of Iteris' experts' reports and warned Iteris to schedule its expert depositions for a date after any such rebuttal reports may be served.<br><br>Striking Wavetronix's rebuttal expert reports would potentially allow Iteris to object under Rule 37(c) to the admission at trial of rebuttal opinions addressing issues newly raised in Iteris's expert reports.<br><br>**Relief:** Iteris's motion to exclude the December 4, 2023, Rebuttal Expert Reports of Michael Jensen and Barry Bell be denied. |